FILED
CHARLOTTE, NC

APR 15 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| DAVID SMITH JR., | ) | Civil Action No. 3:26-cv-296-SCR |
| Plaintiff, | ) | |
| v. | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| Defendant. | ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION, RETALIATION, AND FMLA VIOLATIONS

### JURY TRIAL DEMANDED

### I. PARTIES

1. Plaintiff David Smith Jr. is an adult resident of Mecklenburg County, North Carolina. At all relevant times, Plaintiff was employed by Defendant Wells Fargo Bank, N.A. as a Senior Fraud & Claims Operations Representative in Charlotte, North Carolina.

2. Defendant Wells Fargo Bank, N.A. is a national banking association and an employer within the meaning of Title VII of the Civil Rights Act of 1964 and the Family and Medical Leave Act.

### II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to these claims occurred in Charlotte, Mecklenburg County, North Carolina, within the Western District of North Carolina.

5. Plaintiff timely filed EEOC Charge No. 430-2025-04336. The EEOC issued a Notice of Right to Sue dated January 15, 2026, which Plaintiff received on January 22, 2026. This action is filed within 90 days of Plaintiff's receipt of that notice and is therefore timely.

### III. FACTUAL ALLEGATIONS

6. Plaintiff began employment with Defendant on or about April 29, 2024, and worked at Defendant's facility located at 1525 W. WT Harris Boulevard, Charlotte, North Carolina.

7. On May 22, 2025, while Plaintiff was performing his job duties on a phone call with a customer, the customer directed racial slurs, including the N-word, at Plaintiff and stated, in substance, "This is why people get shot," in reference to Plaintiff.

8. Plaintiff promptly reported the incident to management, including Katie Harris, and Defendant's Corporate Security later confirmed the racial and violent nature of the threat in writing.

9. As a result of the May 22, 2025 incident, Plaintiff experienced serious emotional distress and trauma-related symptoms and sought medical treatment.

10. Plaintiff applied for FMLA and short-term disability leave/benefits beginning June 1, 2025. During the relevant period described in this Complaint, Lincoln Financial handled Plaintiff's leave and related claims.

11. During the period while Plaintiff's leave and related claims were pending with Lincoln Financial, Defendant's managers contacted Plaintiff regarding leave, attendance, and related matters while Plaintiff remained under medical care.

12. From June 3 through June 12, 2025, manager Katie Harris contacted Plaintiff regarding HR matters and attendance while Plaintiff was under medical care.

13. On June 13, 2025, at approximately 11:49 a.m. Eastern Time, manager Chi Huang left Plaintiff a voicemail identifying himself as a Wells Fargo manager and requesting that Plaintiff return his call.

14. On June 15, 2025, Plaintiff returned Chi Huang's call, provided his FMLA and short-term disability claim numbers, and advised that his claims remained under review by Lincoln Financial.

15. On June 24, 2025, at approximately 3:26 p.m. Eastern Time, manager Chi Huang left Plaintiff a second voicemail asking Plaintiff to call back and "see how things were going."

16. In late June 2025, Plaintiff returned Chi Huang's call again, advised that he believed the job description submitted to Lincoln Financial in connection with his claims was incorrect, and requested HR contact information so that he could address the discrepancy.

17. On July 2, 2025, manager Carlissa Pitts called Plaintiff twice. When Plaintiff returned the call, Pitts stated that Plaintiff was receiving attendance occurrences, demanded daily attendance-related email contact, and asked questions including, "What is going on?," "Why is it taking so long?," and "How are you getting money?"

18. Plaintiff alleges that these management contacts, made while his leave and related claims were pending with Lincoln Financial and while Plaintiff remained under medical care, interfered with his protected leave rights and placed pressure on him during the leave-approval process.

19. Lincoln Financial communicated approval of Plaintiff's FMLA and short-term disability leave on or about July 3, 2025.

20. On or about September 12, 2025, Plaintiff was informed that his leave had ended and that he had been reassigned to Associate Manager Mattielisa Ginn.

21. On September 24, 2025, while Plaintiff's extension request was still under review and Plaintiff had not been medically released to return to work, Mattielisa Ginn texted Plaintiff and continued to press Plaintiff for a return-to-work date.

22. Lincoln Financial later approved Plaintiff's certified medical leave from August 23, 2025 through August 23, 2026, confirming that Plaintiff remained medically unable to work during the

relevant period. Wells Fargo later transitioned claims administration to MetLife effective December 31, 2025.

23. Plaintiff filed EEOC Charge No. 430-2025-04336 based on the May 22, 2025 incident and related conduct, and Plaintiff's claims in this action are based primarily on that charge and the Notice of Right to Sue issued from it. Plaintiff has also initiated a second EEOC administrative matter concerning alleged retaliation occurring after the closing period of the first charge. Plaintiff includes that later EEOC matter only as limited background and chronology, and not as the sole basis for any separate unexhausted claim in this action.

24. On November 25, 2025, the same day Plaintiff's EEOC charge was served on Defendant's legal counsel, Mattielisa Ginn issued a written letter stating that Plaintiff's position would be held only conditionally and warning that if Plaintiff did not respond by December 3, 2025, Defendant would proceed to address staffing needs and could not guarantee that Plaintiff's position would remain available.

25. Also on November 25, 2025, Ginn emailed Plaintiff demanding a call that same day regarding leave matters. Plaintiff responded in writing and directed leave matters to Lincoln Financial as the leave administrator.

26. On December 3, 2025, Defendant informed Plaintiff that his position would be absorbed into the department. Plaintiff remained an employee of Wells Fargo and continued on certified medical leave.

27. Plaintiff alleges that Defendant's actions, including the November 25, 2025 letter and the December 3, 2025 elimination of his position, were retaliatory and were taken because Plaintiff reported race-based harassment, sought protected leave, and filed an EEOC charge.

## COUNT I – TITLE VII RACE DISCRIMINATION / HOSTILE WORK ENVIRONMENT

28. Plaintiff repeats and realleges Paragraphs 1 through 27 as if fully set forth herein.

29. Plaintiff was subjected to race-based harassment while performing his job duties, including racial slurs and a threat of violence from a customer.

30. Defendant knew or should have known of the harassment after Plaintiff promptly reported it.

31. Defendant failed to take prompt and effective remedial action sufficient to protect Plaintiff or adequately address the harm caused by the incident.

32. The race-based harassment was severe and altered the terms, conditions, and privileges of Plaintiff's employment in violation of Title VII.

## COUNT II – TITLE VII RETALIATION

33. Plaintiff repeats and realleges Paragraphs 1 through 32 as if fully set forth herein.

34. Plaintiff engaged in protected activity by reporting the May 22, 2025 race-based harassment and by filing EEOC Charge No. 430-2025-04336.

35. Defendant knew of Plaintiff's protected activity.

36. After Plaintiff engaged in protected activity, Defendant took materially adverse actions against Plaintiff, including threatening the status of his position on November 25, 2025 and

absorbing Plaintiff's position on December 3, 2025 while Plaintiff remained employed and on certified medical leave.

37. A causal connection exists between Plaintiff's protected activity and Defendant's adverse actions.

38. Defendant's conduct constitutes unlawful retaliation in violation of Title VII.

## COUNT III – FMLA INTERFERENCE

39. Plaintiff repeats and realleges Paragraphs 1 through 38 as if fully set forth herein.

40. Plaintiff was an eligible employee entitled to the protections of the FMLA.

41. Defendant interfered with, restrained, and denied Plaintiff's exercise of FMLA rights by assessing attendance occurrences and by having managers contact Plaintiff about attendance, leave status, and return-to-work matters while his leave request remained pending and while he remained under medical care.

42. Defendant's conduct prejudiced Plaintiff and caused damages recoverable under the FMLA.

## COUNT IV – FMLA RETALIATION

43. Plaintiff repeats and realleges Paragraphs 1 through 42 as if fully set forth herein.

44. Plaintiff engaged in protected activity by requesting and taking FMLA leave.

45. Defendant took adverse action against Plaintiff, including threatening the status of his position and ultimately absorbing Plaintiff's position while Plaintiff remained employed and on protected leave.

46. Defendant acted because Plaintiff exercised rights protected by the FMLA.

47. Defendant's conduct constitutes retaliation in violation of the FMLA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court:

A. Enter judgment in Plaintiff's favor on all counts;

B. Award back pay, front pay, lost benefits, and other compensatory damages according to proof;

C. Award damages for emotional distress according to proof;

D. Award liquidated damages available under the FMLA;

E. Award punitive damages to the extent permitted by law;

F. Award costs and any attorneys' fees permitted by law;

G. Order reinstatement or other appropriate equitable relief; and

H. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**<u>Respectfully submitted,</u>**

David Smith Jr.

1101 Hawthorne Lane, Apt. 227

Charlotte, NC 28205

smithjrdavid@aol.com

Plaintiff, Pro Se

Date: April 15, 2026